# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL SNIDER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.18-735 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ROBERT GILMORE, *et al.*, | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On March 14, 2019, the Magistrate Judge issued a Memorandum Order (hereinafter, "Order," Doc. 59)[1] denying Plaintiff Joel Snider's (hereinafter, "Mr. Snider's" or "Plaintiff's") Motion for Appointment of Counsel (hereinafter "Motion," Doc. 40) without prejudice to refiling. After being granted additional time to file objections, Plaintiff timely filed objections on June 15, 2019 (hereinafter, "Objections," Doc. 63). Plaintiff's Motion is ripe for this Court's consideration.

The Court has conducted a *de novo* review of the pleadings and documents in this case, including Plaintiff's objections, together with the Order. For the reasons that follow, the Court will adopt the Magistrate Judge's Order, as supplemented herein.

---

[1] Mr. Snider's Motion for Appointment of Counsel, Doc. 40, which is dated May 31, 2018, was not docketed until March 6, 2019. Magistrate Judge Lenihan issued an Order denying the Motion (Doc. 42), but the wrong document was inadvertently docketed and sent to Plaintiff. On May 21, 2019, Mr. Snider filed a Motion for Clarification as to the reasons for the denial of his Motion, noting that he had not received the Court's Order until May 8th and that the wrong document appeared to have been sent to him. (Doc. 57.) In response, the Magistrate Judge clarified that Plaintiff was correct, (Doc. 60), and the correct document, denying his Motion to Appoint Counsel, was promptly docketed at Doc. 59.

1

As the Order fully and accurately describes the background in this matter, (see Order 3-5), the Court will assume the reader's familiarity and will not restate the background here.

Plaintiff objects to the Memorandum Order on two primary grounds. First, he argues that the Magistrate Judge erred in finding that the factors in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994) weigh against appointment of counsel. (Objections at 11–15.) Second, Plaintiff insists that appointment of a guardian *ad litem* is appropriate under Federal Rule of Civil Procedure 17(c)(2) (hereinafter, "Rule 17(c)(2)"). (Objections at 8–11.) After careful consideration of Plaintiff's Objections and the supplemental materials he attached as exhibits, the Court is constrained to overrule Plaintiff's Objections.

Important in consideration of all of Plaintiff's Objections, the Court notes up front that Plaintiff states repeatedly in his Objections that he is competent to represent himself. (E.g., Objections at 3 ("Mr. Snider does not believe he is currently incompetent."); id. at 10 ("[H]e does not believe he is currently incompetent.")). More specifically, as to the first set of objections, Plaintiff fails to acknowledge that the Court in Tabron found that a plaintiff's ability to present his own case is a "significant factor that must be considered in determining whether to appoint counsel." Tabron, 6 F.3d at 156. Tabron also counsels that "serious consideration" should be given to appointing counsel if a plaintiff is "incapable of presenting his or her case." Id. This Court agrees with the Magistrate Judge that both of these factors do not weigh in Plaintiff's favor. Plaintiff's sound ability to present his case to the Court are evidenced by his filings thus far and, by his own admission, he is competent to represent himself at this time.

Plaintiff's objections go into extensive detail about how his case aligns with some of the factors laid out in Tabron, focusing heavily on the factors concerning fact-finding and discovery requests. The Court recognizes, just as the Magistrate Judge did, that these factors may support

2

appointment of counsel if the case survives dispositive motions.  However, at this juncture, the Court does not find these factors to be more convincing or significant than the factors concerning Plaintiff's ability to present his own case and his competence to do so.

As to Plaintiff's second set of objections, Plaintiff argues that his episodic mental illness mandates appointment of a guardian *ad litem*. See Rule 17(c)(2).  The Court must inquire into a party's competency when it is on notice that a "party is being or has been treated for mental illness of the type that would render him or her legally incompetent." Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012).  Evidence of such treatment must be provided by a mental health professional for a court to review.

In the present case, Plaintiff attached to his Objections evidence related to his mental health conditions. (Objections at Exs. A–D.)  The bulk of this evidence is several years old, and consists reports of Plaintiff's psychiatric history and examinations performed for use in the criminal matter for which he is currently incarcerated.  This Court does not find an evaluation conducted that long ago is indicative of Plaintiff's current mental status, particularly in light of Plaintiff's declarations of current competence.  And while there is a more recent document, from October 2018, it does not contain any assessment of the stability of Plaintiff's mental health conditions or how well they are controlled on his current regimen of medications.  Plaintiff's mere claims of episodic tendencies and periods of incompetency are not sufficient evidence for the Court to appoint a guardian *ad litem*; the Court must be provided with medical or mental health records that evidence periods of incompetency throughout his incarceration in order to make such a determination.  In sum, the Court acknowledges that Plaintiff has been diagnosed with serious psychiatric conditions that may have rendered him incompetent for periods of time

in the past; however, the records he has supplied do not demonstrate Plaintiff has suffered any recent episodes of incompetency.

Nonetheless, the undersigned again agrees with the Magistrate Judge that Plaintiff may supplement what he has provided if he wishes for the Court to appoint a guardian *ad litem*. Plaintiff should submit current mental health records and the opinion of a current treating medical provider to support such a decision by the Court. If Plaintiff can acquire such records and send them to the Court on his own, he may do so. If it is not possible for him to have access to those records on his own, he may have the records sent directly from his health care provider(s) to the court under seal. These documents should be sent to the court within thirty (30) days from the date of issuance of this Memorandum Order.

* * *

Accordingly, it hereby is **ORDERED** that Plaintiff Joel Snider's objections (Doc. 63) are **OVERRULED**; his Motion (Doc. 40) is **DENIED**; and the Memorandum Order (Doc. 59) is **ADOPTED** as the Opinion of the District Court, as supplemented herein.

IT IS SO ORDERED.

August 14, 2019
s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

JOEL SNIDER
KZ-8124
SCI Houtzdale
PO Box 1000
Houtzdale, PA 16698