# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL SNIDER, | ) | |
|     Plaintiff, | ) | Civil Action No.18-735 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ROBERT GILMORE, *et al.*, | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
|     Defendants. | ) | |

## **MEMORANDUM ORDER**

On November 26, 2019, the undersigned dismissed this action without prejudice, marked this case closed, and entered a final judgment. (Docs. 102 and 103.) Termination of this case was premised on the Court's understanding that Plaintiff Joel Snider ("Plaintiff") had filed an Amended Complaint, (Doc. 95), in this action and had also filed the exact same Amended Complaint in another action in this District, No. 18-703. (Doc. 102.)

On December 12, 2019, Plaintiff's Objections to Magistrate Decisions Regarding Filing of Supplementary Complaint and Correction of the Docket were docketed. ("Objections," Doc. 108.) In his Objections, Plaintiff expressed confusion over why his filing, entitled "Supplementary Complaint," was filed as an Amended Complaint. (Compare Doc. 92 with Doc. 93.) Plaintiff clarified that his Supplementary Complaint was filed "with the intention of supplementing the claims and defendants and as a way to help clarify the original complaint and to address the defendants' motions to dismiss." (Objections at 4.) Plaintiff expressed a clear understanding of the differences between a Supplementary Complaint and an Amended Complaint within the meaning of Federal Rule of Civil Procedure ("Rule") 15. (Id. at 4–5.)

1

In light of Plaintiff's clarifications, the Court has conducted a *de novo* review of the Plaintiff's filings related to his Supplementary Complaint, all of the Orders following the filing of that pleading, as well as all other documents in this case. The filing of Plaintiff's Supplementary Complaint as an Amended Complaint was error. (Docs. 92, 93, and 95.) Specifically, it is clear from Plaintiff's Amended Motion for Leave to Supplement the Complaint, (Doc. 92), that Plaintiff desired not to replace his Complaint, but rather to file a Supplemental Pleading within the meaning of Rule 15(d). He was granted leave to do so. (Doc. 93.)

Treatment of Plaintiff's pleading as a supplement to his original Complaint, (Doc. 5), requires the Court to vacate a number of its rulings since November 15, 2019. Therefore, IT IS ORDERED that:

- Plaintiff's Objections, (Doc. 108), are SUSTAINED.

- The Court's Orders dated November 26, 2019 dismissing this action with prejudice and entering final judgment, (Docs. 102 and 103), are VACATED and this case is REOPENED.

- Plaintiff's Motion to Merge Cases, (Doc. 67), is DENIED.

- The Court's Order dated November 15, 2019, (Doc. 93), is VACATED and Plaintiff's Amended Motion for Leave to Supplement the Complaint, (Doc. 92), is GRANTED. The Clerk of Court is DIRECTED to STRIKE the Amended Complaint at Doc. 95 and to FILE the Supplementary Complaint at Doc. 92-1 as a Supplementary Complaint. Plaintiff's Supplementary Complaint is not a replacement, but rather an addition, to his Complaint at Doc. 5.

2

- The Court's Order dated November 20, 2019, (Doc. 98), is VACATED and Plaintiff's Motion to Correct Docket, (Doc. 97), is DENIED AS STATED. If Plaintiff wishes to, he may refile his "Notice of Withdrawal of Class Claims," which appears in Civil Action No. 18-703, in this case as well.
- The Court's Order dated December 10, 2019, (Doc. 106), is VACATED and Plaintiff's Nunc Pro Tunc Motion for Reconsideration of Judge Bissoon's Nov. 6, 2019 Memorandum Order Regarding Mental Health Evaluation, (Doc. 104), is GRANTED. Plaintiff has, at Doc. 104-1, provided the Court with evidence from his treatment providers that a court order is required for Plaintiff's mental health conditions to be evaluated. Therefore, it is HEREBY ORDERED that Plaintiff's current mental health providers at the facility at which he is housed shall arrange for a mental health evaluation of Mr. Snider to take place. The evaluation should, to the extent possible, memorialize Mr. Snider's current diagnoses, primary symptoms and corresponding limitations, and his prescribed medications and the efficacy of those medications. The Court's preference is for this evaluation to be performed by mental health professional at the facility who is familiar with Mr. Snider's care, but an evaluation by an "independent person" would be accepted. **This evaluation should be received by the Court within 60 days of this Order.**
- This matter is REMANDED to the Magistrate Judge for further proceedings consistent with the above.

IT IS SO ORDERED.

December 17, 2019	s\Cathy Bissoon
	Cathy Bissoon
	United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

JOEL SNIDER
KZ-8124
SCI Houtzdale
PO Box 1000
Houtzdale, PA 16698