# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL SNIDER, | Civil Action No. 2:18-cv-735 |
| Plaintiff, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDENT ROBERT GILMORE, *et al.*, | |
| Defendants. | |

## **OPINION AND ORDER**

This case is before the Court upon consideration of Plaintiff's Motion to consolidate his cases in this District (18-703 and 18-735) with four cases before our colleagues in the Middle District of Pennsylvania (13-1226, 15-951, 18-801 and 18-1789) and to stay all matters until, among other things, he can draft an amended complaint that encompasses all of his claims from the six cases. For the following reasons, these requests will be denied.

As to the issue of consolidating the two cases in this District with the four cases in the Middle District, 28 U.S.C. § 1391 governs the issue of venue and it provides as follows:

(b) A civil action may be brought in –

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  The events giving rise to the claims in Plaintiff's four cases before the Middle District all occurred in correctional facilities located within that district and the defendants in those cases are employees at those correctional facilities.  Therefore, the proper venue for those cases resides with the Middle District and there is no basis, legal or otherwise, to consolidate them with the cases in this District.

As to the two cases before this Court, this is the second time that Plaintiff has requested consolidation, the first time occurring in August 2019.  However, it is no secret that the dockets of both of his cases have been made extremely complex due to Plaintiff's repeated attempts at amending his complaint, the latest which resulted in the inadvertent dismissal of this case because of what the Court assumed were identical amended complaints filed at both case numbers but in actuality were simply supplements.  Now that there are working complaints filed at both case numbers, consolidation at this point would serve no purpose but to further confuse the parties and the Court.

In addition, it is anticipated that the DOC Defendants will raise the same statute of limitations issues raised in their previous motion to dismiss as to some, if not all, of the claims.  As those Defendants argued in their opposition to Plaintiff's first motion to consolidate, the Court should rule on those issues and then consider consolidating the remaining claims.  The Court agrees.  There is no benefit to consolidating these two cases at the present time.  The Court would prefer to deal with the statute of limitations issue and then, if claims remain, reconsider.

Regarding the remaining requests in Plaintiff's Motion, as the Court is not going to consolidate these cases it does not need to grant a stay to give Plaintiff more time to file yet another amended complaint.  In addition, it has an obligation to keep the case moving forward and sees no reason to hold off until the Third Circuit addresses the multiple issues Plaintiff has put before it that are connected to his cases before the Middle District and not this Court.

AND NOW, this 15th day of January, 2020;

IT IS HEREBY ORDERED that Plaintiff's Motion to consolidate cases and to stay pending resolution of specific issues (ECF No. 115) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for extension of time to file a brief in support of his Motion to consolidate cases and to stay pending resolution of specific issues (ECF No. 116) is **DENIED AS MOOT** as is his Second Motion (ECF No. 117) of the same name.

IT IS FURTHER ORDERED that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.C.2., the parties are allowed fourteen (14) days after the date of service of this Order to file objections to the determinations made herein, which shall specifically designate the parts of the order objected to and the basis for the objection. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file a timely objection shall constitute a waiver of any appellate rights.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Joel Snider
KZ8124
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

Counsel for Defendants
(Via CM/ECF electronic mail)