IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL SNIDER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.18-735 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ROBERT GILMORE, *et al.*, | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**I.    MEMORANDUM**

This case has been referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On April 17, 2020, Plaintiff filed two sets of Objections, (Docs. 170 and 171).[1] Each will be addressed in turn, but the Court wishes to make some preliminary observations with the hope that they will benefit Plaintiff moving forward in this litigation.

First, the Court is well aware—as Plaintiff has acknowledged—that he has many lawsuits pending across many courts and that he has a history of mental health issues. Plaintiff also is proceeding without counsel. These realities are factored in each and every time that the undersigned rules on one of his motions, including his motions for extension of time to file. However, Plaintiff has made a habit of asking for repeated extensions for these and other reasons, including reasons that are ordinary barriers to his ability to litigate (e.g., restraints based

---

[1] The Court will reference these documents as "First Objections," (Doc. 170), and "Second Objections," (Doc. 171), throughout this Memorandum.

1

on his incarcerated status).  These continued, repetitive extensions have made it virtually impossible to move this case along to conclusion.  Compounding this problem, there has been substantial motion practice on issues other than the merits of Plaintiff's claims.  Indeed, Plaintiff, at this juncture, appears to be missing the forest for the trees.

Moving forward, should Plaintiff need an extension, the Court directs that he file a request for how much time he actually needs rather than seeking extension upon extension.  While the Court will be the ultimate judge of whether any request for an extension is reasonable under the circumstances, multiple extension requests will no longer be tolerated.

Additionally, this case has been pending since the summer of 2018.  The efforts of Magistrate Judge Lenihan and the undersigned to move this case forward are efforts designed to provide appropriate redress to Plaintiff, if warranted, as quickly as possible.  These efforts are in service to Plaintiff and all other parties to this litigation, consistent with the Federal Rules of Civil Procedure ("Rules") and are a proper exercise of judicial authority to manage cases.  No judicial officer assigned to this case is trying to trick Plaintiff or to take advantage of him.  Rather, as in every case, the Court's interest is the in securing the "just, speedy, and inexpensive determination" of this action.  See Rule 1.  With that, the Court turns to Plaintiff's Objections.

    **A.**    **Plaintiff's Objections to Magistrate Judge's Grant of Extension of Time to Medical Defendants for Responsive Filing, (Doc. 170)**

In his First Objections, Plaintiff takes issue with Magistrate Judge Lenihan's decision at Doc. 167 to extend the time for two Defendants, Defendants Pushkalai Pillai and Mahvash Sheikh, to file a motion or responsive pleading because it requires him to first file his amendment.  (First Objections at 6 n.2 ("I am not objecting to a time extension for medical defendants, if they need it.  I am objecting to them being allowed to refrain from filing a

responsive pleading until after I have filed an amendment.").)  Plaintiff also objects to any suggestion that he needs to seek leave to file his amended pleading.  (Id. at 2–5.)

As to Plaintiff's objection that he must seek leave to file his amended pleading, Plaintiff's objection is sustained.  Pursuant to Rule 15(a)(1)(B), Plaintiff need not seek leave of Court to file an amended pleading in response to the pending Motion to Dismiss, (Doc. 153).  He has been granted an extension of time to plead or respond to that Motion, (Doc. 157), and must file his submission by May 27, 2020.  He need not seek leave when he does so.  The undersigned reiterates that this is a significant extension, a nearly four-fold increase of the typical time allotted under the Rules.  No additional extensions will be granted.

Additionally, the undersigned emphasizes that Plaintiff shall file either a Response or a standalone Amended Complaint, and his amended pleading must comply with the previous rulings in this case including determinations with respect to proper venue and consolidation.  (See Docs. 155, 157, 158.)  While Plaintiff may amend his pleading as a matter of right, this is not an invitation to circumvent the Court's prior rulings with which he may disagree.

The core of Plaintiff's Objections, that Defendants Pushkalai Pillai and Mahvash Sheikh must file a responsive pleading before his amended pleading or response is filed, is overruled.  Plaintiff's right to amend as a matter of course was triggered by the pending Motion to Dismiss filed by all non-federal Defendants exclusive of Defendants Pillai and Sheikh, (Doc. 153).  Defendants Pillai and Sheikh did not in join that Motion, and thus, he has no right to amend his pleading with respect to Defendants Pillai and Sheikh at this time.  That does not, however, preclude him from amending his complaint, as a matter of right, to directly respond to the contentions in their pleadings (and only to the contentions in Pillai's and Sheikh's pleadings) after they are filed.

**B.      Plaintiff's Objections to Docs. 118, 155, 136, 138, 157, and 158, (Doc. 171)**

Plaintiff's Second Objections relate to his relentless effort to have this case consolidated with others pending in this District and in other district courts.[2]  On January 15, 2020, Magistrate Judge Lenihan issued an Opinion and Order denying Plaintiff's Motion to Consolidate six of Plaintiff's cases and to stay all proceedings, (Doc. 118).  Magistrate Judge Lenihan found venue in this District is improper for the four cases pending in the Middle District of Pennsylvania, and that Plaintiff had already created substantial confusion with his efforts to amend his pleadings and to merge his cases.  (Id. at 1–2.)  Thus, she determined there is no benefit to consolidation and that addressing each case separately is most appropriate given the Court's obligations to effectively manage this case towards resolution.  (Id. at 2–3.)

Plaintiff repeatedly sought additional time to file objections, (see Docs. 126, 135, 137, and 140),[3] but never did so.  Instead, on March 16, 2020, Plaintiff filed the exact same Motion to Consolidate and Stay, ("Renewed Motion," Doc. 142).  The undersigned denied the Renewed Motion for the same reasons as Magistrate Judge Lenihan.[4]  (Doc. 155.)  Further, the Court warned Plaintiff that submission of redundant motions may result in sanctions.  (Id.)

---

[2] Plaintiff also devotes efforts in his Second Objections, as he did in his motions on the issue, to specific issues within these cases that he believes should be consolidated, including issues related to competency.  The Court's reasoning and ruling on the issue of consolidation of this case with others necessarily applies to all issues presented in the case.

[3] Plaintiff's first two requests for extension of time were granted, (see Docs. 127 and 136), and he was given until March 5, 2020 to file objections.  He was advised that no further extensions would be granted, and thus, when his third and fourth requests were received by the Court, they were denied, (see Docs. 138 and 141).

[4] Plaintiff takes issue with the undersigned directly ruling on the Renewed Motion.  (Second Objections at 11.)  His contentions lack merit.  First, asking Judge Lenihan to rule on an identical motion a second time is at best inefficient and at worst disrespectful of judicial resources.  Second, while referral to a magistrate judge permits the magistrate judge to make decisions on a variety of pretrial matters, such a referral in no way limits the power of the presiding district

Up front, even if Plaintiff's Renewed Motion was properly before the undersigned as objections or as a motion for reconsideration, Plaintiff does not argue that the Magistrate Judge's ruling was clearly erroneous or contrary to law and he does not present valid grounds for reconsideration. Rule 72(a); Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). In fact, despite that the Renewed Motion was filed more than two months after the original Motion, it is no way different from his original submission. (Compare Doc. 115 with Doc. 142.)[5] Rather, Plaintiff just reasserts his position that consolidation is proper. (Doc. 143 at 7.) This is the same refrain he brings to the Court **again** in his Second Objections. (Second Objections at 6 ("I believe the cases should be consolidated.").)[6]

Magistrate Judge Lenihan ruled on this issue, and Plaintiff did not timely object to her ruling. The Court knows that Plaintiff is well aware of Rule 72, but reminds him nonetheless that it specifically provides that "[a] party may not assign as error a defect in the order not timely objected to." Rule 72(a). In this instance, Plaintiff's failure to submit objections arose despite a

---

judge. That is, a district judge may proceed on any particular motion in a referred case as if no magistrate was referred. In this instance, the undersigned ruled on the Renewed Motion to move this case forward to addressing the merits of Plaintiff's claims, something the Court would think that he, too, desires.

[5] Though Plaintiff makes much of the brief submitted along with the Renewed Motion, review of the brief reveals that of its eight pages, almost all of them are procedural background and "proposals" by Plaintiff of how the Court should proceed. (Doc. 143 at 1–6; 8.) The roughly one page of the brief that contains law recites portions of the change of venue statute, the Rule on consolidation, and some case law addressing these procedures generally. (Id. at 7.) Magistrate Judge Lenihan's Opinion and Order sufficiently addresses these points. (E.g., Doc. 118 at 2 (no legal or other basis to consolidate actions where venue not proper); id. (consolidation has no benefit and threatens confusion).) Thus, to the extent there was any docketing or mailing issue that resulted in the brief not being docketed at the time the original motion was filed, (Second Objections at 10), no prejudice to Plaintiff occurred as a result.

[6] Much of Plaintiff's Second Objections concern the procedural history and facts of these other cases. (E.g., Second Objections at 12–24.) Contrary to what he seeks to show, the Court finds this section of Plaintiff's Second Objections is illustrative of how consolidation would lead to delay and confusion.

substantial extension of time to do so, and this issue need not be addressed further.  Plaintiff's cases will not be consolidated.

However, Plaintiff's Second Objections also assert that he actually should have been given more time, and that his repeated requests for extensions are reasonable. (Second Objections at 7–8.)   Like his repeated requests for consolidation, the Court has already found his repeated requests for additional time were not reasonable. (See Doc. 138.)  No amount of bare insistence by Plaintiff that the Court has gotten it wrong will benefit him.  When the Court rules, Plaintiff is bound by its ruling.  The Court reiterates that, despite his *pro se* status, Plaintiff must observe the Federal Rules of Civil Procedure and orders of this Court, or he is subject to sanctions.  (See Doc. 155 (refiling the same motion, rather than following the appropriate procedures to properly object, is sanctionable).)

## **ORDER**

Plaintiff's Objections to Magistrate's [sic] Granting of Time Extension for Responsive Filing to Medical Defendants, (Doc. 170), are SUSTAINED IN PART and OVERRULED IN PART.  Plaintiff's Objections to Docs. 118, 155, 136, 138, 157, and 158, (Doc. 171), are OVERRULED.

IT IS SO ORDERED.

April 23, 2020                                                         s\Cathy Bissoon
                                                                               Cathy Bissoon
                                                                               United States District Judge

cc (via ECF email notification):
All Counsel of Record

cc (via First-Class U.S. Mail):
JOEL SNIDER
KZ-8124
SCI Houtzdale
PO Box 1000
Houtzdale, PA 16698