IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL SNIDER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.18-735 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ROBERT GILMORE, *et al.*, | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Motion for Stay of Motions to Dismiss and Deadline to Amend Pending Resolution of Appellate Matters and of Action for Injunctive Relief, ("Motion to Stay," Doc. 193). For the reasons that follow, Plaintiff's Motion to Stay will be denied.

Plaintiff seeks a stay of the deadline by which he is to file an amendment as a matter of course to his operative pleadings. Plaintiff was warned—over a month ago—that no further extensions of time would be given for him to do so. (Doc. 174 at 3 (noting Plaintiff was already given a significant extension, "a nearly four-fold increase" in the typical time allotted, and that "no additional extensions will be granted").) This is reason enough to deny Plaintiff's Motion to Stay.

More to the point, Plaintiff's Motion to Stay offers no explanation as to why he cannot amend his pleadings by the deadline, a deadline he previously represented to the Court would be sufficient. (Doc. 164 ("I just want to make sure I have enough time to try to respond to the motions to dismiss if I choose not to file the amendment or if I miss [the current] deadline.").) Rather, he points to the fact that he has appealed specific issues to the Court of Appeals for the

1

Third Circuit, and avers that "[w]ithout a stay of my deadline to amend and without a stay of defendants' motions to dismiss I will be severely prejudiced and will be unable to fairly pursue the issues in the appeals court and my legal claims in this case will be injured." (Motion to Stay at 3–4.)  The Court does not see how this is so.

Plainly, Plaintiff can litigate issues in the Court of Appeals and other distinct issues in this action at the same time.  The issues Plaintiff has appealed are minor and/or collateral ones. (See Doc. 177 (appealing orders on regarding medical record subpoenas and consolidation); Doc. 182 (appealing orders regarding extensions and sealing of documents).)  This Court retains jurisdiction over all matters unrelated to those issues.  See Victory v. Berks Cty., 2019 WL 2368579, at *3–5 (E.D. Pa. June 3, 2019) (denying motion to stay and proceeding with aspects of case not related to order appealed, which did not determine entire action); Smith v. Township of Aleppo, 2005 WL 4984381, at *2 (W.D. Pa. Aug. 24, 2005) (district court retains jurisdiction over all issues except those being appealed).  The Court also has a duty to move this case forward and has already explained to Plaintiff its intention—and authority—to do so.  (Doc. 174 at 2.) [1]

However, the Court also writes to correct the gross misrepresentations in Plaintiff's Motion to Stay regarding the medical evaluation recently filed under seal with the Court.  (Doc.

---

[1] The Court's conclusion that a stay is inappropriate at this juncture is bolstered by the recent denial by the Court of Appeals for the Third Circuit of Plaintiff's request for a writ of mandamus.  (No. 19-3930 at Doc. 24-1 (May 14, 2020).)  In its Order, the Panel concluded the district court docket in this case does not reflect any abuse of discretion with respect to case management and that challenges to a refusal to appoint a guardian *ad litem* should occur after district court proceedings have concluded.  (Id.)  Along with his request for a writ of mandamus, Plaintiff also filed a Motion to Stay proceedings before this Court and Motion to Appoint Counsel.  (Id.)  While his Motion to Stay was not specifically addressed, the Court of Appeals denied Plaintiff's request for appointment of counsel, finding he "does not raise any claim warranting relief" with respect to the issue.  (Id.)

148.) Plaintiff states that the Court "directed defendants, an adverse party, to unilaterally produce a report regarding my mental health, diagnosis and limitations regarding whether I should receive assistance in any way to pursue legal claims against them in this matter." (Motion to Stay at 2.)  This is not what occurred.

For Plaintiff's benefit, a brief recitation of the facts is warranted.  In late 2018, Plaintiff sought appointment of counsel in this case.  (Doc. 40.)  Magistrate Judge Lisa Pupo Lenihan denied his request for counsel.  (Doc. 59.)  Plaintiff objected to Judge Lenihan's decision and attached mental health records that were many years old to his objections.  (Doc. 63.)  In overruling Plaintiff's objections, the Court noted as follows:

> [T]he undersigned again agrees with the Magistrate Judge that Plaintiff may supplement what he has provided if he wishes for the Court to appoint a guardian *ad litem*. Plaintiff should submit current mental health records and the opinion of a current treating medical provider to support such a decision by the Court. If Plaintiff can acquire such records and send them to the Court on his own, he may do so. If it is not possible for him to have access to those records on his own, he may have the records sent directly from his health care provider(s) to the court under seal.

(Doc. 66 at 4.)  That is, Plaintiff was invited to supplement the record with respect to his current mental health status **if Plaintiff himself wished to do so**.  The possibility that Plaintiff may not be able to access these records was noted from the outset.  (Id.)

Plaintiff then filed a "Motion for Order to Perform a Mental Health Evaluation," (Doc. 84).  In this Motion, Plaintiff requested as follows:

> WHEREFORE, Plaintiff Joel Snider respectfully moves this Court to enter an order requiring Dr. Adam Bloom to perform a psychiatric evaluation on Mr. Snider for purposes of providing the Court with a basis to determine if appointment of guardian as litem is warranted.

3

(Id. at 2.)  Plaintiff included a footnote which reads: "Mr. Snider stipulates only to be examined by Dr. Bloom."  (Id. at n.1.)   After Magistrate Judge Lenihan declined to order such an evaluation, (Doc. 85), Plaintiff filed objections, again requesting that the Court enter an order requiring he be evaluated, (Doc. 89).  In his objections, Plaintiff averred that he "feels he currently has professional and interested mental health staff at his institution" and that "Psychiatrist Dr. Adam Bloom and Dr. Jack Walmer, LPM, Ph.D. are his current institutional mental health providers."  (Doc. 89 at ¶¶ 16–17.)  The undersigned overruled his objections, noting he had not presented evidence that a court order was required for Plaintiff's mental health conditions to be evaluated by Dr. Bloom.  (Doc. 90.)

Plaintiff then—for the third time—asked for an order for Dr. Bloom to examine him when he filed a Motion for Reconsideration presenting new evidence.  (Doc. 104.)  In response to his third request, the undersigned ordered a mental health evaluation, as requested.  (Doc. 109.)

Following the Court's Order, Plaintiff did not object to being evaluated, but rather continued to request assistance from the Court to obtain the evaluation.  For example, on multiple occasions Plaintiff sought subpoenas for historic medical records so those records could be reviewed in connection with the evaluation.  (Docs. 113, 122.)  These requests were denied.  (Docs. 114, 123.)  Plaintiff also requested the time period for completion of the evaluation be extended, (Doc. 119), and this request was granted.  (Doc. 121.)

On March 13, 2020, a timely motion to submit the evaluation performed by Dr. Bloom to the Court for in camera review was made by counsel for Defendant Pushkalai Pillai. (Doc. 139.)  This motion noted that none of the Defendants nor their counsel had communicated with Dr. Bloom about the evaluation, but rather that counsel for Defendant Pillai communicated with

counsel for the Department of Corrections regarding the Court's order.  (Id. at 2 n.1.)  Magistrate Judge Lenihan granted that motion, and the evaluation was submitted to the Court for in camera review March 17, 2020.  (Doc. 148.)

It was at this juncture, after submission of the evaluation—**the evaluation that Plaintiff requested**—that Plaintiff reversed course entirely.  Plaintiff sought to have the evaluation stricken for lack of service, sought the Court to order that he be given the evaluation, and asked that related filings be stricken for lack of service.  (Docs. 173, 183, 181.)   These motions were denied.  (Docs. 175, 184, 188.)

Plaintiff moves on from these arguments in his Motion to Stay, and instead attacks the evaluation itself, averring, among other things, that Dr. Bloom is biased and not qualified, that the evaluation was performed without "legal protections," and that the evaluation "will cause prejudice in all [his] legal matters now and in the future."[2]  (Motion to Stay at 3 –4.)

As the Court has already emphasized stat, no judicial officer assigned to this case is trying to trick Plaintiff or to take advantage of him.  (Doc. 174 at 2.)  The Court advised Plaintiff that if he wanted it to consider appointing a guardian *ad litem*, he needed to supplement the record with a current mental health evaluation.  Plaintiff stipulated that his "professional and interested" psychiatrist, Dr. Bloom, could examine him, and asked the Court to enter an order requiring the evaluation.  The Court did so.  Now that the evaluation has been received by the Court, it appears that Plaintiff has changed his mind.

And Plaintiff is free to do so.  If he does not want the Court to consider a current evaluation in connection with his request for a guardian *ad litem*, it will not.  He need only file a

---

[2] The Court reminds Plaintiff that the evaluation was submitted in camera—that is, only for the Court's review—and thus no other party in this case (or in any other) is able to access it.  (See Docs. 146, 175.)

motion making such a request. If that is Plaintiff's wish, however, the Court will not order any other evaluations of his mental health conditions and no guardian *ad litem* will be appointed based on the stale medical information in the record. If, on the other hand, Plaintiff would like the Court to consider the evaluation in connection with his request to appoint a guardian *ad litem*, it will. Again, he need only file a motion asking the Court to do so. Any filing Plaintiff wishes to make with respect to this issue should be made on or before **June 19, 2020**. In the absence of extraordinary circumstances, no extensions of this deadline will be entertained.

Therefore, consistent with the above, it is ORDERED that Plaintiff's Motion to Stay, (Doc. 193), is **DENIED**.

IT IS SO ORDERED.

May 28, 2020                                                  s\Cathy Bissoon
                                                              Cathy Bissoon
                                                              United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

JOEL SNIDER
KZ-8124
SCI Houtzdale
PO Box 1000
Houtzdale, PA 16698