THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL SNIDER, | ) |
| | ) Civil Action No. 2:18-cv-00735 |
| Plaintiff, | ) |
| | ) |
| v. | ) District Judge Cathy Bissoon |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDENT ROBERT | ) |
| GILMORE, *et al.*, | ) |
| | ) ECF Nos. 274 & 275 |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court are to motions filed by Plaintiff: (1) Motion for Appointment of a Psychiatric Expert for Purpose of Obtaining a Certificate of Merit for Professional Liability Claims and (2) Motion for Appointment of a Medical Expert for Purpose of Obtaining a Certificate of Merit for Professional Liability Claims. (ECF Nos. 274 & 275.) For the reasons set forth below, both Motions will be denied.

A federal district court exercising its supplemental authority over state law claims must apply the state law as interpreted by the state's supreme court. *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 825 (3d Cir. 1994) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Pennsylvania law requires a plaintiff pursuing a professional malpractice suit to file a certificate of merit with the complaint, or within sixty days thereafter. Pa. R. Civ. P. 1042.3(a). Pennsylvania Rule of Civil Procedure 1042.3 states:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either (1) an

appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. No. 1042.3. This rule applies to incarcerated and *pro se* plaintiffs. *Perez v. Griffin*, 304 F. App'x 72, 74 (3d Cir. 2008).

Plaintiff is requesting that the Court appoint an independent forensic psychiatric expert and an independent medical expert for the purpose of providing him certificates of merit for his professional liability claims. The court may, on its own motion or on the motion of any party, enter an order to show cause why expert witnesses should not be appointed. Fed. R. Evid. 706(a). However, Rule 706 allows only for the appointment of an expert to aid the court, and not for the purpose of aiding an indigent litigant, incarcerated or not. *Kerwin v. Varner*, 2006 WL 3742738, at *2 (M.D. Pa. Dec. 15, 2006); *see also Ford v. Mercer Cty. Corr. Ctr.*, 171 F. App'x 416, 420 (3d Cir. 2006) (While Rule 706 grants district courts discretion to appoint an expert, the "policy behind the rule is to promote the jury's factfinding ability.") It is clear that a Rule 706 expert is an independent expert, and not a member of any party's litigation team. *Id*. The fact that the expert's compensation can be split between the parties, or apportioned, as determined by the court or charged as costs, further supports finding the Rule 706 expert to be an independent consultant for the aid of the factfinder. *Id.* Given that an expert witness is not presently required to assist in the jury or the judge's role as factfinder, there is no basis by which to grant Plaintiff's Motions.

Furthermore, Plaintiff's position as a *pro se* litigant proceeding *in forma pauperis* does not mandate that the Court pay for an expert's fees either.[1] This Court is neither required, nor does it have the authority, to finance an expert on behalf of Plaintiff.  *See Parham v. Johnson,* 7 F.Supp.2d 595, 600 n.5 (W.D. Pa.1998) (citing *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) and *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993)); *see also Hodge v. United States*, 2009 WL 2843332, at *4-5 (M.D. Pa. Aug. 31, 2009).  It is well established that plaintiffs proceeding *in forma pauperis* are responsible for their expert witness fees in civil actions. *Boring,* 833 F.2d at 474; *see also Williams v. Kort*, 2007 WL 2071886, at *2 (M.D. Pa. July 19, 2007) (Citing *Boring* and *Tabron* and stating that the *pro se* plaintiff "bears sole responsibility for his failure to comply with the court's order to submit an expert report when he lacks the financial resources to pay an expert."); *Wilkerson v. United States*, 2009 WL 1045865, at *1-2 (M.D. Pa. April 20, 2009) (Citing *Boring* and *Tabron* and denying motion for independent medical examination filed by *pro se* plaintiff proceeding *in forma pauperis*).  Plaintiff's inability to proceed due to his inability to obtain or pay for an expert witness is no different than a non-prisoner litigant confronted with the same difficulty.  *See Boring,* 833 F.2d at 474.

---

[1] While it is clear from Plaintiff's Motions that he wants the Court to appoint the experts, it is not entirely clear from the Motions that Plaintiff expects the Court to also finance the experts.  However, he states that his Motions should be granted due to his *in forma pauperis* status implying that he does not have the funds to pay.  The Court notes that 28 U.S.C. § 1915, which governs *in forma pauperis* civil proceedings, does not support the Plaintiff's argument in favor of appointment of an expert.  Section 1915 does not address appointment of experts and further does not grant indigent litigants the ability to finance their litigation through judicial funds.  *See Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.")

There is simply no statutory authority that allows district courts to appoint experts to file certificates of merit on behalf of plaintiffs who are unable to obtain them or provide expert witness fees for indigent parties in civil actions.  Therefore,

**IT IS HEREBY ORDERED** that the Motion for Appointment of a Psychiatric Expert for Purpose of Obtaining a Certificate of Merit for Professional Liability Claims (ECF No. 274) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Appointment of a Medical Expert for Purpose of Obtaining a Certificate of Merit for Professional Liability Claims (ECF No. 275) is **DENIED**.

**IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.C.2., the parties are allowed fourteen (14) days after the date of service of this Order to file objections to the determinations made herein, which shall specifically designate the parts of the order objected to and the basis for the objection.  Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto.  Failure to file a timely objection shall constitute a waiver of any appellate rights.

Dated:  October 6, 2020.

s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:   Joel Snider
      KZ-8124
      SCI-Houtzdale

P.O. Box 1000
209 Institution Drive
Houtzdale, PA  16698-1000

Counsel of Record
(Via CM/ECF electronic mail)